United States District Court
Southern District of Texas
FILED

MAR 1 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

STEMCOR USA INC. §
§
Plaintiff §
§
VS. § C.A. NO. _____ B-02- 048
§
REGIOMONTANA DE PERFILES Y § **JURY DEMANDED**
TUBOS, S.A. DE C.V., and §
SCHAEFER STEVEDORING, INC. §
§
Defendants §

> ## PLAINTIFF'S MOTION AND MEMORANDUM FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE COURT:

Plaintiff, STEMCOR USA INC. ("STEMCOR") asks the Court to grant a Motion for a Temporary Restraining Order against Defendant, REGIOMONTANA DE PERFILES Y TUBOS, S.A. DE C.V. ("REGIOMONTANA"), and Defendant SCHAEFER STEVEDORING, INC. ("SCHAEFER").

## A. INTRODUCTION

(1) Plaintiff is STEMCOR USA INC. Defendants are REGIOMONTANA DE PERFILES Y TUBOS, S.A. DE C.V. and SCHAEFER STEVEDORING, INC.

(2) Plaintiff has sued Defendant REGIOMONTANA for breach of contract and conversion of property in that an agreement was entered whereby Plaintiff would supply manufactured steel sheets to Defendant REGIOMONTANA for payment at a specified unit price and payment on a date certain. Defendant REGIOMONTANA failed to comply with the agreement by failing to provide the payment amount owed by the date certain. A copy of the Original Complaint is attached as EXHIBIT "A".

(3) Plaintiff has sued Defendant SCHAEFER for issues of wrongful conversion, in that such property or material is being transferred to Defendant REGIOMONTANA.  A copy of the Original Complaint related to the allegations against Defendant SCHAEFER is attached as EXHIBIT "A".

(4) Plaintiff alleges that Defendant REGIOMONTANA entered into an agreement whereby Defendant REGIOMONTANA purchased material from Plaintiff STEMCOR.  Under such agreement, Defendant REGIOMONTANA was to provide payment for the material within thirty (30) days of the bill of lading.  Upon sending the bill of lading/original invoice to Defendant REGIOMONTANA, Defendant REGIOMONTANA has only partially paid for the items and material and has refused to pay the remaining amount due and owing.  Plaintiff, prior to any payment, had shipped the material of steel to the agreed destination which material is presently located at the warehouse of Defendant SCHAEFER.  While Defendant REGIOMONTANA has refused to pay the amount due and owing, Defendant SCHAEFER has refused to return or release such material to the Plaintiff STEMCOR.

(5) Affidavits to prove the allegations in the Application for Injunctive Relief are attached and incorporated by reference as EXHIBIT "B".

## B.  ARGUMENTS

(6) Plaintiff STEMCOR will suffer immediate and irreparable injury if Defendants are not immediately restrained from transferring, releasing, destroying, or hiding Plaintiff's material made the subject of the pending suit in that such material is presently located at the Port of Brownsville, Texas, wherein Defendants plan to have such material moved outside of the boundaries of the United States into a foreign country, wherein later securing such material or locating such material will be impossible and thus, Plaintiff STEMCOR has no adequate remedy at law. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

(7) There is a substantial likelihood that Plaintiff will prevail on the merits. *Ingram v. Ault*, *50 F.3d at 900; see also, DSC Com. Corp. v. DGI Tech. Inc., 81 F.3d 597 (5th Cir. 1996).* Plaintiff provides that an agreement exists whereby Defendant REGIOMONTANA agreed to pay an amount certain for each unit and agreed to make payment at a required time and means. Plaintiff further provides that it is ready, willing, and able to fully comply with the agreement in that the material presently exists at Defendant SCHAEFER's warehouse.

(8) The threatened harm to Plaintiff outweighs the harm a temporary restraining order would inflict on Defendants. *Ingram, 50 F.3d at 900.* Plaintiff would provide that the material subject to the agreement presently is located at Defendant SCHAEFER's warehouse. Transfer of such material can occur upon Defendant's payment of the agreed upon price as provided by the agreement.

(9) Issuance of a temporary restraining order is not against the public interest because such agreement for the materials was between the Plaintiff STEMCOR and Defendant REGIOMONTANA, wherein the property is located at the warehouse of Defendant SCHAEFER, thus it would not affect the public. *Ingram, 50 F.3rd at 900.*

(10) Plaintiff is willing to post a bond in the amount the Court deems appropriate.

(11) The Court should enter a temporary restraining order without notice to Defendants because representatives for Plaintiff STEMCOR have attempted to contact the Defendants in order to resolve this matter, but Defendant REGIOMONTANA has refused to return Plaintiff STEMCOR's calls. Additionally, the Court should enter a temporary restraining order without notice to Defendant SCHAEFER because Defendant SCHAEFER has been informed of Defendant REGIOMONTANA's breach of contract and failure to pay the amount due and owing, but Defendant SCHAEFER has indicated its intentions to proceed and release such materials to Defendant REGIOMONTANA on March 12 or 13, 2002. As Defendant REGIOMONTANA has

not returned calls from Plaintiff STEMCOR and it is anticipated that Defendant REGIOMONTANA may proceed to secure such property on March 12 or 13, 2002, or in the very near future, such materials will be removed from the United States, thereby making it impossible to secure such property upon the Plaintiff prevailing in this lawsuit and any notice would render the litigation fruitless, based on communications from the Defendants. SEE EXHIBIT "B".

(12) Plaintiff asks the Court to set this Request for Preliminary Injunction for hearing at the earliest possible time.

### C.  CONCLUSION

(13)  Plaintiff STEMCOR hereby requests a temporary restraining order in that Defendant REGIOMONTANA has breached the contract related to the payment of the materials shipped by the Plaintiff and that Defendant SCHAEFER has indicated intentions to release such materials presently located at Defendant SCHAEFER's warehouse to Defendant REGIOMONTANA.  Such actions by Defendant REGIOMONTANA and Defendant SCHAEFER create issues of breach of contract and wrongful conversion of Plaintiff's property, of which would make it impossible for Plaintiff STEMCOR to secure or locate such property in the future.

(14) For these reasons, Plaintiff STEMCOR asks the Court to issue, without notice, a temporary restraining order preventing Defendants from transferring, releasing, moving, destroying, or hiding the materials shipped by Plaintiff STEMCOR USA, INC.

### D.  PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff STEMCOR requests that the Court proceed to grant its Motion for Temporary Restraining Order and issue such Temporary Restraining Order, and thereafter schedule a hearing for preliminary injunction to prevent any actions by the Defendants and that the Plaintiff obtain any and other relief which it is justly entitled to receive.

Respectfully Submitted,

**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495 (Phone)
956/428-2954 (Fax)

By: _____

    **TRINIDAD GALDEAN**
    State Bar No. 00784097
    Federal ID No. 21719

    **ROGER W. HUGHES**
    State Bar No. 10229500
    Federal ID No. 5950

**ATTORNEYS FOR PLAINTIFF,
STEMCOR USA INC.**

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STEMCOR USA INC. | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | C.A. NO. _____ |
| | § | |
| REGIOMONTANA DE PERFILES Y | § | **JURY DEMANDED** |
| TUBOS, S.A. DE C.V., and | § | |
| SCHAEFER STEVEDORING, INC. | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE COURT:

Plaintiff, STEMCOR USA INC. ("STEMCOR"), files this its Original Complaint against REGIOMONTANA DE PERFILES Y TUBOS, S.A. DE C.V. ("REGIOMONTANA"), and SCHAEFER STEVEDORING INC. ("SCHAEFER"), for breach of contract, and wrongful conversion, and for Injunctive Relief, and would respectfully show the Court:

### A. PARTIES

(1) Plaintiff, STEMCOR USA INC., is a corporation that is organized under the laws of the State of Delaware, with its principal place of business at Empire State Building, 350 Fifth Avenue, Suite 7815, New York, New York 10118.

(2) Defendant, REGIOMONTANA DE PERFILES Y TUBOS S.A. DE C.V., is a foreign corporation organized and existing under the laws of Mexico and may be served with process on its authorized agent at the Defendant's address, Primera Poniente No. 104, Parque Industrial, Monterrey Carretera Miguel Aleman Km 20.5 Apodaca, NL CP 66600 Apdo Postal 94, Mexico.

(3)  Defendant, SCHAEFER STEVEDORING, INC., is a Texas corporation existing under the laws of the State of Texas, and service may be had upon its chief executive officer, Ken Schaefer, as an officer, at 4201 Don Foust Road, Port of Brownsville, Texas 78523, or by personal service in the United States.

## B.  JURISDICTION

(4)  The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332 because the suit is between the Plaintiff and Defendant SCHAEFER which are citizens of different states, plus Defendant REGIOMONTANA is the subject of a foreign country, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C.  VENUE

(5)  Venue is proper in the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. §1391(c) because jurisdiction is founded under diversity of citizenship and the Defendants have sufficient minimal contacts in this district as the items made the subject of the contract exist and are presently located in Port of Brownsville, Texas.

## D.  BACKGROUND FACTS

(6) On or about October 15, 2001, a representative of Defendant REGIOMONTANA entered into an agreement with STEMCOR.

(7)  The agreement between the Plaintiff STEMCOR and Defendant REGIOMONTANA provided that STEMCOR would sell to the Defendant REGIOMONTANA manufactured cold rolled steel sheets, of which the total estimated cost for such agreement was to be One Million Five Hundred Thirty-five Thousand United States Dollars ($1,535,000.00 U.S.).  Such agreement is specifically provided for in ATTACHMENT "A".

(8) The Plaintiff STEMCOR and Defendant REGIOMONTANA, pursuant to the agreement, provided that the payment terms for REGIOMONTANA's purchase of the material would be "net cash payable 30 days from date of bill of lading".

(9) Rene Lecea Coindreau, Defendant's representative, had complete authority on behalf of Defendant REGIOMONTANA and negotiated and accepted the agreement to purchase the materials at the unit price amount in U.S. dollars.

(10) The bill of lading and/or original invoice of January 8, 2002, for the materials which were shipped identified the total amount due was $1,522,075.30.   Such invoice additionally identifies the payment terms for Defendant REGIOMONTANA of "net cash 30 days from bill of lading date".  The invoice specified such payment being due February 7, 2002.

(11) On or about February 7, 2002, Plaintiff STEMCOR shipped to Defendant SCHAEFER, as provided under the initial agreement the material which was for six group items of cold rolled steel sheets in coils, totaling several thousand metric tons of steel, of which items are more specifically identified on the attached copy of the invoice (ATTACHMENT "B").

(12) On March 8, 2002, the status of Plaintiff STEMCOR's material being shipped to Defendant was that all the materials identified in the original invoice were located in the warehouse of Defendant SCHAEFER in the Port of Brownsville, Texas.

(13) On March 8, 2002, Plaintiff STEMCOR was notified by fax that Defendant REGIOMONTANA had only made partial payment to the Plaintiff of $1,250,000.00(U.S.)  for the materials which Plaintiff STEMCOR manufactured and shipped to the Port of Brownsville, Texas.  Such payment by Defendant REGIOMONTANA being **$272,075.30 less than the invoice amount required to be paid for the material**.

(14) Defendant REGIOMONTANA's acts of failing to pay the amount due and owing is a breach of the agreement between the parties Plaintiff STEMCOR and Defendant REGIOMONTANA.

(15) Defendant SCHAEFER has communicated its intention of permitting Defendant REGIOMONTANA to secure the material while Defendant REGIOMONTANA has presently breached the agreement and failed to meet the obligations in fully paying the amount owed to the Plaintiff.

(16) The acts of Defendant REGIOMONTANA to secure the material without full payment of the amount owed for such material and Defendant SCHAEFER's release of such material to Defendant REGIOMONTANA under such terms makes such acts by Defendant as a means to wrongfully convert the material which belongs to Plaintiff STEMCOR.

## E. FIRST CAUSE OF ACTION

(17) Plaintiff STEMCOR incorporates the provisions of the above paragraphs and would show unto the Court that Plaintiff STEMCOR is entitled to recover from Defendant REGIOMONTANA the total sum of $1,522,075.30 (U.S.), plus interest in the amount allowed by law and storage fees as a result of Defendant REGIOMONTANA's breach of contract.

(18) At all times material to this complaint, Plaintiff STEMCOR has been and remains ready, willing, and able to perform its part of the agreement between the parties, and Plaintiff has been prevented from performing solely due to Defendant REGIOMONTANA's breach of the agreement.

(19) As the Plaintiff STEMCOR's material is presently located at Defendant SCHAEFER's warehouse, Defendant REGIOMONTANA's attempts to secure the material of Plaintiff would wrongfully convert Plaintiff's material and/or property.

(20) As the result of Defendants' acts of breach of contract and conversion, Plaintiff STEMCOR has incurred damages for loss of benefit of the bargain, storage, transportation costs, costs of replacement for material not returned to Plaintiff STEMCOR, and loss of business goodwill and reputation.

(21) Plaintiff STEMCOR not only has suffered monetary losses as noted above, but also has been induced to incur potential legal liabilities that would not have incurred but for the breach of contract and conversion.

## F. SECOND CAUSE OF ACTION

(22) Plaintiff STEMCOR incorporates the provisions of the above paragraphs, and would show the Court that due to Defendant SCHAEFER's acts in refusing to return or release the material back to the Plaintiff, but rather to release such material to Defendant REGIOMONTANA, are acts of wrongful conversion against the Plaintiff and Plaintiff's property, of which Plaintiff is entitled to recover the sum of $1,522,075.30 (U.S.), plus accrued interest and storage fees in an amount allowable by applicable law as reasonable compensation for such conversion.

(23) Plaintiff STEMCOR not only has suffered monetary losses as noted above, but also has been induced to incur potential legal liabilities that would not have incurred but for the conversion.

## G. THIRD CAUSE OF ACTION

(24) Plaintiff STEMCOR is entitled to recover of and from Defendant REGIOMONTANA a sum representing Plaintiff STEMCOR's reasonable and necessary attorney's fees, which sum is a reasonable sum for the services rendered in bringing this suit.

(25) In the event that Defendants should later appeal and such appeal be unsuccessful to the Fifth Circuit Court of Appeals, Plaintiff STEMCOR would further be entitled to reasonable attorney's fees; and in the event of Defendants unsuccessful appeal to the United States Supreme Court, Plaintiff STEMCOR would be entitled to additional reasonable attorney's fees.

## H.  FOURTH CAUSE OF ACTION:
## REQUEST FOR PRELIMINARY INJUNCTION

(26) Plaintiff STEMCOR will suffer irreparable injury if Defendants are not enjoined during the pendency of this lawsuit from taking, removing, transferring, hiding, or destroying the cold rolled steel material which was shipped by the Plaintiff STEMCOR and is presently located at Defendant SCHAEFER's warehouse.  Due to Defendant REGIOMONTANA's breach of the contract and location in a foreign country, removal of the material from the United States would make retrieval or locating of such material impossible.

(27)  Plaintiff STEMCOR will further provide that requests have been made to Defendant SCHAEFER that based on Defendant REGIOMONTANA's acts, such material not be transferred, loaded, or secured by Defendant REGIOMONTANA, but such requests have been denied and thus, it is anticipated that such material may be transferred or permitted to be secured by Defendant REGIOMONTANA, thereby furthering Plaintiff STEMCOR's injuries.

(28)  As attempts have been made by Plaintiff STEMCOR to secure the additional money owed by Defendant REGIOMONTANA and/or prevent Defendant SCHAEFER from releasing the material to Defendant REGIOMONTANA, there is no adequate remedy of law to prevent the transfer or removal of the material from the United States. *Samson v. Murray, 415 U.S. 61, 88 - 89, 94 S.Ct. 937, 952 - 53 (1974); Hoechst Diafoil Co. v. Nan Daya Plastics Corp., 174 F.3d 411, 417 (4th Cir. 1999).*

(29) There is a substantial likelihood that Plaintiff STEMCOR will prevail in the merits because of the parties' agreement and the requirements under such agreement for payment by a date certain in an amount certain, of which Defendant REGIOMONTANA has refused to make such payment.

(30) The threatened harm to Plaintiff STEMCOR outweighs the harm a preliminary injunction would inflict on Defendant REGIOMONTANA or Defendant SCHAEFER in that the material still remains in the United States and upon compliance with any agreement by Defendant REGIOMONTANA, such can be transferred to the Defendant.

(31) Issuance of a preliminary injunction is not against the public interest because such agreement was only between Plaintiff STEMCOR and Defendant REGIOMONTANA and Defendant SCHAEFER.

(32) Plaintiff STEMCOR is willing to post a bond in the amount the Court deems appropriate for a temporary restraining order and/or injunction.

(33) Plaintiff STEMCOR asks the Court to set its Application for Preliminary Injunction for hearing at its earliest possible time and, after the request, issue a preliminary injunction against Defendants.

## I. PRAYER

For these reasons, Plaintiff STEMCOR asks the Court for the following:

(1)    The Court issues a preliminary injunction preventing Defendants from transferring, removing, hiding, destroying, or tampering with the cold rolled steel sheets made the subject of this lawsuit;

(2)    Defendant REGIOMONTANA and Defendant SCHAEFER be cited to appear and answer;

(3)     That on final trial, Plaintiff STEMCOR USA INC. have a judgment against Defendant REGIOMONTANA and Defendant SCHAEFER for: the sum of $1,522,075.30, representing the loss of the benefit of the bargain, the breach of contract, conversion, and for the loss of business reputation and business goodwill;

(4)     Storage fees for having to store the material due to Defendant REGIOMONTANA's breach of contract;

(5)     Reasonable and necessary attorney's fees;

(6)     Pre-judgment interest as provided by law;

(7)     Post-judgment interest as provided by law from the date of judgment until paid;

(8)     Costs of suit;

(9)     Such other and further relief to which Plaintiff STEMCOR USA INC. may show itself justly entitled.

A jury is hereby demanded.

Respectfully Submitted,

**ADAMS & GRAHAM, L.L.P.**
222 E. Van Buren, West Tower
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495 (Phone)
956/428-2954 (Fax)

**By:** _____
**TRINIDAD GALDEAN**
State Bar No. 00784097
Federal ID No. 21719

**ROGER W. HUGHES**
State Bar No. 10229500
Federal ID No. 5950

**ATTORNEYS FOR PLAINTIFF,
STEMCOR USA INC.**

# ATTACHMENT "A"

Date: 15 October 2001

350 Fifth Avenue
Suite 7815
New York, 10118-7894

Tel   +1-212-563-0262
Fax   +1-212-563-0403

E-Mail: info@ny.stemcor.com

Sale note no.   **NX1650A**

## STEMCOR

| Sold To: | Ship To: |
|---|---|
| Replacamientos De Perfiles | |
| Y Tubos, S.A. De C.V. | As Customer Address |
| 1 m. Poniente No. 104 Parque Ind'l | |
| Monterrey Carretera a Miguel Aleman | |
| Km 20.5 Apodaca, NL CP 66600 Apdo | |
| Postal 94  Mexico | |

Your Ref  PO # 1053

THIS CONTRACT IS MADE BETWEEN THE BUYER AND THE SELLER WHEREBY THE BUYER AGREES TO BUY AND THE SELLER AGREES TO SELL. THE UNDERSIGNED CORES SUBJECT TO THE TERMS AND CONDITIONS AS STIPULATED HEREAFTER. THIS CONTRACT REALISES IS THE ENTIRETY ALL DEALINGS AS AGREED BETWEEN THE PARTIES HERETO. ANY CLAIMS MUST BE IN WRITING AND ADHERED TO FROM TIMELY. ANY DISCREPANCIES ARE TO BE RESOLVED THROUGH FRIENDLY NEGOTIATIONS. IF NO SETTLEMENT CAN BE REACHED THEN EITHER PARTY MAY SUBMIT THE DISPUTE TO ARBITRATION PER THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION IN NEW YORK.

| | |
|---|---|
| MATERIAL | PRIME NEWLY MANUFACTURED COLD ROLLED STEEL SHEETS IN COILS, OUT OF CONTINUOUS CAST PRODUCTION, AL-KILLED, ANNEALED AND TEMPERED. |
| QUALITY | COMMERCIAL QUALITY TO ASTM A 366, CS TYPE B. |
| CHEMISTRY | SAE 1008 |
| TOLERANCES | ASTM - A568. |
| SURFACE FINISH | MATTE. |
| OILING | REGULAR |
| WELDS | NONE. |
| COIL I.D. | 24" |
| COIL WEIGHT | 11 METRIC TONS MAX, AIM 8 TO 11 METRIC TONS. |
| END USE | SLITTING FOR TUBING. |

continued on next page ...

| Sale note no. NX1650A | STEMCOR USA. INC. | | continuation sheet | Page | 2 |
|---|---|---|---|---|---|

**Cold Rolled Coil**

| | | QUANTITY | UNIT PRICE |
|---|---|---|---|
| 001 | 0.054BMIN X 36.000" (1.390MIN X 915MM) | 500.000 | 307.00 USD/MT |
| 002 | 0.054BMIN X 48.000" (1.390MIN X 1220MM) | 500.000 | 307.00 USD/MT |
| 003 | 0.043BMIN X 36.000" (1.116MIN X 915MM) | 800.000 | 307.00 USD/MT |
| 004 | 0.043BMIN X 48.000" (1.116MIN X 1220MM) | 1200.000 | 307.00 USD/MT |
| 005 | 0.032BMIN X 36.000" (0.835MIN X 915MM) | 800.000 | 307.00 USD/MT |
| 006 | 0.032BMIN X 48.000" (0.835MIN X 1220MM) | 1200.000 | 307.00 USD/MT |

| 5000.000 | MT 1,535,000.00 | USD |
|---|---|---|

| QUANTITY TOLERANCE | +/-10% FOR EACH ITEM AND IN TOTAL. |
|---|---|
| PACKING | FULLY EXPORT WRAPPED IN WATERPROOF PAPER AND METAL ENVELOPES SECURELY STRAPPED FOR OCEAN TRANSPORTATION |
| MARKING | SIZE<br>GRADE<br>HEAT NO.<br>COIL NO.<br>PO NX16500 |
| SHIPMENT | EARLY DECEMBER 2001 EX SWEDEN FOR LATE DECEMBER 2001/EARLY JANUARY 2002 ARRIVAL IN BROWNSVILLE, TX. UNFORSEEN CIRCUMSTANCES EXCEPTED. |
| PRICE BASIS | AS SHOWN ABOVE EFFECTIVE PER METRIC TONS CIF LINER OUT UNDER SHIP'S HOOK BROWNSVILLE, TEXAS, DUTY UNPAID. |
| INVOICING BASIS | MILL'S ACTUAL NET WEIGHT. |
| PAYMENT TERMS | NET CASH PAYABLE 30 DAYS FROM DATE OF BILL OF LADING. |
| INSURANCE | ALL RISKS INCLUDED FOR THE ACCOUNT OF SELLER. |
| SHIP TO | SCHAEFER STEVEDORING INC.<br>4201 FOUST ROAD<br>PORT OF BROWNSVILLE<br>BROWNSVILLE, TEXAS 78523<br>TEL: (956) 831-4007 |
| DOCUMENTATION | 1. COMMERCIAL INVOICE.<br>2. PACKING LIST.<br>3. MILL'S TEST REPORT.<br>4. EUR 1 CERTIFICATE OF ORIGIN.<br>5. BILL OF LADING. |

continued on next page ...

| Sale note no. NOC1650A | STEMCOR USA, INC. | continuation sheet Page 3 |
|---|---|---|

| REMARKS | 1. THIS CONFIRMS YOUR PURCHASE ORDER #1053 DATED OCTOBER 4, 2001. |
|---|---|

2. ORIGIN – SSAB, SWEDEN

3. BILL OF LADING REMARKS SUCH AS, "SOME ATMOSPHERIC RUST ON PACKAGING, SOME DENTED PACKAGING, SOME BROKEN BANDS OR SIMILAR" TO BE ACCEPTABLE AND NOT CAUSE FOR REJECTION OF DOCUMENTS OR MATERIAL.

4. KINDLY SIGN AND RETURN A COPY OF THIS CONFIRMATION OF SALE TO INDICATE YOUR AGREEMENT TO THE TERMS AND CONDITIONS CONTAINED HEREIN.

Accepted and Agreed Upon
REGIOMONTANA DE PERFILES
Y TUBOS S.A. DE C.V.

Authorized Signature

Very truly yours,
STEMCOR USA, INC.

Chris Williams

# ATTACHMENT "B"

**STEMCOR USA, INC.**
Empire State Building
350 Fifth Avenue, Suite 7815
New York, NY 10118
Phone: 212 563 0262
Fax:   212 563 0403

STEMCOR USA, INC.

| | | |
|---|---|---|
| SOLD TO: | REGIOMONTANA DE PERFILES Y TUBOS, SA DE CV<br>PRIMERA PONIENTE NO. 104<br>PARQUE INDUSTRIAL MONTERREY APODACA, N.L.<br>MEXICO | DATE: JANUARY 8, 2002 |
| SHIPPED VIA:<br>FROM:<br>TO: | MV BRIGHT OCEAN 2<br>OXELOSUNU, SWEDEN<br>BROWNSVILLE, TEXAS USA | INVOICE NO:   02-07449 |
| TERMS | NET CASH 30 DAYS FROM BILL OF LADING DATE<br>DUE FEBRUARY 7, 2002 | YR PO:        1053<br>OUR REF:    NX1650A |

**COLD ROLLED STEEL SHEETS IN COILS TO SAE 1008**

| ITEM | SIZES | NUMBER OF COILS | WEIGHT/ MT | PRICE/ MT | TOTAL |
|---|---|---|---|---|---|
| 1 | 16 GA (0.0548"MIN) X 36" | 60 | 490.540 | $ 307.00 | $ 150,595.78 |
| 2 | 16 GA (0.0548"MIN) X 48" | 48 | 487.080 | $ 307.00 | $ 149,533.56 |
| 3 | 18 GA (0.0438"MIN) X 36" | 98 | 802.270 | $ 307.00 | $ 246,296.89 |
| 4 | 18 GA (0.0438"MIN) X 48" | 118 | 1,185.600 | $ 307.00 | $ 363,979.20 |
| 5 | 20 GA (0.0329"MIN) X 36" | 96 | 788.090 | $ 307.00 | $ 241,943.63 |
| 6 | 20 GA (0.0329"MIN) X 48" | 119 | 1,204.320 | $ 307.00 | $ 369,726.24 |
| | | 539 | 4,957.900 | | |

| | | |
|---|---|---|
| CIF LINER TERMS LANDED ONTO DOCKS  BROWNSVILLE, TEXAS DUTY UNPAID | TOTAL | $ 1,522,075.30 |

"CERTIFICAMOS QUE LOS PRECIOS ANOTADOS EN ESTA FACTURA SON LOS PRECIOS REALES DE LOS
PRODUCTOS EMBARCADOS"

Transfer Instructions for proceeds:
Deutsche Bank AG New York Branch
31 West 52nd street
New York, NY 10019 USA
Account Name: STEMCOR USA, INC.
ABA No. 026-003-780
Account No. 104-4465-30005
Swift Code: DEUTUS33

STEMCOR USA, INC.

RICO ROJAS

RONALD J. WIENER
Notary Public, State of New York

MARITIME CHAMBER OF COMMERCE, INC.

# EXHIBIT "B"

## AFFIDAVIT OF STEVEN GRAF

STATE OF NEW YORK    }
                             }
COUNTY OF NEW YORK      }

BEFORE ME, the undersigned authority, personally appeared STEVEN GRAF, who, upon oath, duly sworn, did depose and state as follows:

(1)    "My name is STEVEN GRAF. I am over the age of twenty-one (21) years, have personal knowledge of every fact herein set forth, and am fully competent and able to testify, and hereby solely testify that the matters stated herein are true and correct.

(2)    "I am the VICE PRESIDENT of STEMCOR USA INC. I am responsible for the negotiation of sales with customers, along with identifying performance by customers related to payment under any agreement.

(3)    "In my capacity with STEMCOR USA INC., I reviewed and entered into the agreement with REGIOMONTANA DE PERFILES Y TUBOS, S.A. DE C.V. ("REGIOMONTANA") related to REGIOMONTANA's purchase of newly-manufactured cold rolled steel sheets in coils. Such purchase by REGIOMONTANA was at a specific unit price for the items and provided for the payment terms of REGIOMONTANA to provide "net cash payable 30 days from date of bill of lading". The ATTACHMENT "A" to this Affidavit is a true and correct copy of the agreement between STEMCOR USA, INC. and REGIOMONTANA related to REGIOMONTANA's referenced purchase order number 1053.

(4)    "Pursuant to the agreement with REGIOMONTANA, cold rolled steel sheets in coils were shipped to SCHAEFER STEVENDORING, INC. ("SCHAEFER") in the Port of Brownsville, Texas. The total cost and amount owed by REGIOMONTANA for the shipment sent to the Port of Brownsville, Texas was $1,522,075.30 (U.S.). ATTACHMENT "B" is a true and correct copy of the original invoice, less bill of lading with the total cost and amount owing by REGIOMONTANA, $1,522,075.30.

(5)    "On March 8, 2002, I was informed through my office that REGIOMONTANA had not paid the total amount owed, but was rather sending a payment for the shipment to STEMCOR USA INC. for $1,250,000.00 (U.S.) related to the shipment and invoice number 02-07449. Attempts to secure the remaining amount owing from

REGIOMONTANA have not been successful to date.

(6)  "On March 8, 2002, in communicating with representatives of SCHAEFER STEVEDORING, INC. directing them to stop any transfer, removal, or actions against the materials shipped by STEMCOR USA, INC., my office has been informed that SCHAEFER STEVEDORING, INC. plans to release such material to REGIOMONTANA to be moved outside of the United States.

(7)  "The initial agreement was for the material shipped by STEMCOR USA INC. initially purchased by REGIOMONTANA for transportation outside of the United States and to be used in locations outside of the United States by REGIOMONTANA. Such transportation, transfer, removal, or transferring of STEMCOR USA INC.'s material outside the boundaries of the United States would result in the property being tampered, destroyed, or transferred and prevent STEMCOR USA INC. from securing such property and cause further damages to the property of STEMCOR USA INC. in that such material could no longer be located nor identified in the future.

(8)  "While representatives of STEMCOR USA INC. have attempted to notify and contact both REGIOMONTANA and SCHAEFER, either no response has been provided or intentions of removing the material from its present location and outside of the United States within the next few days or weeks. Due to the conduct by REGIOMONTANA and communications by SCHAEFER, STEMCOR USA INC. is requesting that the Court issue a temporary restraining order preventing the removal, transfer, hiding, and/or destroying the cold rolled steel sheets in coils which have been shipped to SCHAEFER STEVEDORING, INC. and that such temporary restraining order be provided without notice in that it is anticipated the parties may perform some acts occurring, thereby furthering injuries to STEMCOR USA INC."

Further Affiant sayeth not.

_____    MARCH 11, 2002
STEVEN GRAF
STEMCOR USA, INC.

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this 11th day of March, 2002, TO CERTIFY WITNESS MY HAND AND SEAL OF OFFICE.

Notary Public, State Of New York
Notary's Typed Or Printed Name:

Notary's Commission Expires: 3/6/2003

SCOTT H. STONE
Notary Public, State of New York
No. 02ST5040275
Qualified in Westchester County
Commission Expires March 6, 2003